IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN D. FINDLEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 15-cv-1113-MJR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

ORDER ON *JOHNSON*-BASED PETITION
TO VACATE/CORRECT SENTENCE UNDER 28 U.S.C. 2255

**REAGAN, Chief Judge:**

**A.** **Introduction**

In Case No. 13-cr-30106-MJR (the underlying case), Justin Findley was indicted with two co-Defendants, Scott Cookson and Tara Dalton, on narcotics offenses. Ultimately, Findley pled guilty to Count 2 of the indictment, which charged possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). The plea was pursuant to a written plea agreement and stipulation of facts (Docs. 99-100 in the underlying case). As part of the plea agreement, the United States (the Government) agreed to dismiss another charge against Findley – Count 1, which charged conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. 841 and 846.

In October 2014, the undersigned sentenced Findley to 188 months in prison (the low end of the advisory U.S. Sentencing Guidelines range of 188-235 months), plus a

fine, special assessment, and five years of supervised release. Findley took no direct appeal. Judgment was entered on October 10, 2014.

On October 8, 2015, Findley filed in this Court a pro se petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. Opened as the above-captioned civil case, the petition specifically referenced (Doc. 1, p. 5) the then-recent case of *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015). In *Johnson*, the United States Supreme Court declared unconstitutional one part (the "residual clause") of a federal statute, the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B)(ii).[1] More specifically, *Johnson* teaches that imposition of an enhanced sentence under ACCA's residual clause contravenes due process, because the residual clause provided inadequate notice of what conduct would be penalized thereunder.

On threshold review under Rule 4 of the Rules Governing Section 2255 Proceedings, the undersigned did not summarily dismiss Findley's petition. Both the petition and the threshold Order noted that Findley was not sentenced under ACCA. Rather, his sentence was based on § 4B1.2(a)(2) of the U.S. Sentencing Guidelines – a provision sometimes referred to as the career offender enhancement. *See* Presentence Investigation Report (PSR), Doc. 8, pp. 4-5. When Findley filed his § 2255 petition, it was unclear whether the holding of *Johnson* (which has been extended to residual clauses in other federal sentencing statutes) also covered residual-like provisions in the Sentencing Guidelines.

---

[1] *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, -- U.S. --, 136 S. Ct. 1257 (2016).

Pursuant to Administrative Order 176, the Court appointed the Federal Public Defender's Office for the Southern District of Illinois to assist Findley in presenting any valid *Johnson*-based argument. Assistant Federal Public Defender Daniel G. Cronin entered his appearance on Findley's behalf, and briefs were filed as follows: Mr. Cronin's December 20, 2016 brief on behalf of Petitioner Findley with supporting documents (Docs. 7-8), the Government's January 17, 2017 response (Doc. 9), Mr. Cronin's January 27, 2017 reply brief (Doc. 10), Petitioner Findley's February 2, 2017 pro se reply brief (Doc. 11), and the Government's April 5, 2017 notice of supplemental authority (Doc. 12). For the reasons stated below, the Court denies the petition.

B.  **Evidentiary Hearing**

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court must determine whether an evidentiary hearing is warranted. Not every petition warrants a hearing. *Boulb v. United States,* **818 F.3d 334, 339 (7th Cir. 2016).** *See also Martin v. United States,* **789 F.3d 703, 706 (7th Cir. 2015) ("It is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases," such as where the record conclusively shows the prisoner is not entitled to relief.);** *Kafo v. United States***, 467 F.3d 1063, 1067 (7th Cir. 2006) (to justify a hearing, § 2255 petition must be accompanied by detailed affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions).** The record before this Court conclusively reveals that Findley is not entitled to relief, so no hearing is needed.

C. **Timeliness of Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. 2255. Usually the period runs from the date on which the judgment of conviction became final. **28 U.S.C. 2255(f);** *Clay v. United States*, **537 U.S. 522, 524 (2003).** But the one-year limitation period is triggered by the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. 2255(f).**[2]

Findley's judgment in the underlying case was entered on October 10, 2014. His October 8, 2015 petition was filed within one year of that judgment becoming final. Additionally, because McCoy invoked *Johnson,* he had had one year from the date that decision was announced (June 26, 2015) to file his petition, as § 2255(f)(3) "allows a fresh year from 'the date on which the right asserted was initially recognized by the Supreme

---

[2] The statute does not provide for extensions of time. However, the limitation period is procedural not jurisdictional and can be equitably tolled. ***Boulb*, 818 F.3d at 339**, *citing Holland v. Florida*, **560 U.S. 631, 645, 649 (2010).**

Court, if that right has been … made retroactively applicable to cases on collateral review.'" *Stanley v. United States,* 827 F.3d 562, 564 (7th Cir. 2016), *quoting* 28 U.S.C. 2255(f)(3).

Findley's petition was timely-filed as to any *Johnson*-based claim. The petition only references the Supreme Court's opinion in *Johnson* and a Seventh Circuit case, *Price v. United States,* 795 F.3d 731 (7th Cir. 2015), stating that *Johnson* announced a new rule of constitutional law which the Supreme Court made retroactive in a way that allows district courts to entertain successive collateral attacks. To the extent Findley's petition might be construed to present a § 2255 claim based on ***United States v. Hoults,*** **240 F.3d 647 (7th Cir. 2001) (holding that an Illinois "burglary" conviction did not qualify as a crime of violence under either the enumerated or the residual clause of U.S.S.G. 4B1.2(a)(2))**, the petition was filed well beyond the limitations period, and the argument comes too late.[3]

Before discussing the merits of Findley's *Johnson*-based petition, the Court confronts one obvious procedural impediment – Findley waived most of his rights to appeal and collateral review via his plea agreement.

D. <u>**Waiver Provision**</u>

Findley executed a written stipulation of facts and plea agreement (Docs. 99-100 in the underlying case). In the plea agreement, Findley acknowledged that he had the

---

[3] Mr. Cronin suggests that Findley had a valid basis for challenging his first degree burglary and attempted first degree burglary convictions under *Hoults* but concedes that any such claim was untimely when presented herein, since *Hoults* was decided in February 2001 (Doc. 7, p. 4).

right to contest his sentence under Title 18 and Title 28 (Doc. 99, p. 8). The agreement then states (*id.*, emphasis supplied):

> However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the **Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28,** or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court…, the Defendant reserves the right to appeal the reasonableness of the sentence….
>
> Defendant's waiver of his right to … bring collateral challenges shall not apply to … any subsequent change in the interpretation of the law by the United States Supreme Court or the … Seventh Circuit, which is declared retroactive by those Courts, and that renders the defendant actually innocent of the charges covered herein….

This waiver encompasses the collateral challenge Findley presents in his § 2255 petition. The first paragraph quoted above bars the petition, and the second paragraph does not furnish a way around that bar.

Clearly, a defendant can waive his right to collateral review as part of a plea agreement. *See, e.g., Solano v. United States,* 812 F.3d 573, 577 (7th Cir.), *cert. denied,* -- U.S. --, 137 S. Ct. 58 (2016) (**"As part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. § 2255.").** Such waivers are enforced unless the plea agreement was involuntary, the court relied on a constitutionally impermissible factor (like the defendant's race), the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel in connection with negotiation of the plea agreement. *Keller v. United States,* **657 F.3d 675, 681 (7th Cir. 2011),** *citing Jones v.*

*United States,* **167 F.3d 1142, 1144-45 (7th Cir. 1999).** *See also Gaylord v. United States,* **829 F.3d 500, 505 (7th Cir. 2016) (Waivers of the right to collateral review contained in plea agreement**s "are generally enforceable but cannot be invoked against a claim that counsel was ineffective in the negotiation of the plea agreement."**).** Findley does not claim that his counsel in the underlying case was ineffective, and none of the other exceptions applies here.

Findley suggests (Doc. 7, pp. 4-5; Doc. 11, p. 3) that waivers of appellate or collateral review are subject to another exception, an implicit due process-based exception, i.e., they can be challenged on void-for-vagueness grounds. *See United States v. Adkins,* **743 F.3d 176, 192 (7th Cir. 2014),** *cert. denied,* **-- U.S. --, 124 S. Ct. 2864 (2014) ("[D]espite a waiver of appellate review, the Due Process Clause permits review when a special condition is so vague that no reasonable person could know what conduct is permitted and what is prohibited.").** The Seventh Circuit has emphasized the limited nature of this exception. *See, e.g., United States v. Campbell,* **813 F.3d 1016 (7th Cir. 2016).** The undersigned is not persuaded that the reasoning of *Adkins* applies here.

Findley's plea agreement did explicitly leave open one path to collateral review. As to collateral challenges (like § 2255 petitions), the waiver does *not* cover any subsequent change in the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that has been declared retroactive by those Courts <u>and</u> that rendered the defendant "actually innocent" of the charges to which he pled guilty.

Reliance on this provision would be misplaced, because *Johnson* did *not* render Findley actually innocent of the charge he pled guilty to – possession with intent to distribute methamphetamine, in violation of 21 U.S.C. 841. Nothing about the holding of *Johnson* altered the elements of or heightened the proof required for conviction under that statute.[4] The undersigned finds the § 2255 waiver enforceable, and the waiver precludes the relief Findley seeks.

E. **Merits of Petition**

Assuming, arguendo, that the waiver provision did not preclude Findley from filing this collateral attack (e.g., if as Cronin suggests, due process supplies an implicit exception to the waiver), Findley's petition would fail on the merits.

Relief under § 2255 is limited. It is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice. **Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013). *Accord United States v. Coleman,* 763 F.3d 706, 708 (7th Cir. 2014).** Findley's petition asserts an error of constitutional proportions -- that he was sentenced under the career offender provision of the Guidelines which is identically worded to

---

[4] *Johnson* stands in contrast to *Flores-Figueroa v. United States,* **556 U.S. 646, 657 (2009)**, which changed the proof required for conviction under the aggravated identity theft statute. In *Flores-Figueroa,* an element of the offense of conviction was changed by the Supreme Court's opinion, resulting in the defendant being *actually innocent* of the charge. *Johnson* did not render McCoy innocent of the charge he was convicted of in this Court.

(and equally flawed as) the ACCA residual clause invalidated in *Johnson*, requiring that Findley be resentenced "without the career offender enhancement" (Doc. 1, p. 4, p. 14).[5]

As noted above, *Johnson* found unconstitutional part of a federal *statute* -- the residual clause of 18 U.S.C. 924(e)(2)(B)(ii). The clause defined a violent felony as a crime punishable by imprisonment for a term over one year that involved conduct that "presents a serious potential risk of physical injury to another." A series of decisions in the wake of *Johnson* found similar sentencing provisions to be impermissibly vague. For instance, in **United States v. Wheeler, 857 F.3d 742, 744 (7th Cir. 2017),** the Seventh Circuit summarized the holding of **United States v. Cardena, 842 F.3d 959, 995–96 (7th Cir. 2016):**

> **C***ardena* concludes that *Johnson*'s rationale invalidates the two remaining residual clauses in the Criminal Code—one in 18 U.S.C. § 16(b) and the other in § 924(c)(3)(B)—despite the difference in the language between these residual clauses and the one in the ACCA.

All these holdings related to residual clauses in criminal *statutes*. Findley was not sentenced under ACCA or any other *statute*. He was sentenced under the § 4B1.1 of the Sentencing Guidelines. *Johnson* did not address the residual clause found in several provisions of the Guidelines, such as the career offender provision of § 4B1.1 (which increases the defendant's offense level if he has two prior felony convictions for a crime

---

[5] *See also* pro se reply brief, Doc. 11, p. 5: "Mr. Findley is not a career offender …, and yet if his sentence is left in repose, he will serve perhaps years in prison longer than he would otherwise have to serve absent the incorrect designation. There would be no justice in such an outcome."

of violence).[6]  At the time relevant to this case, § 4B1.2(a) defined crime of violence as any offense under federal or state law punishable by imprisonment for a term exceeding one year that:

> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

Obviously, the Guidelines residual clause italicized above reads like the ACCA residual clause found impermissibly vague in *Johnson*, leaving Findley to posit that his convictions for first degree burglary under Missouri state law do not constitute crimes of violence post-*Johnson.* Whether *Johnson* reached residual clauses in the advisory Sentencing Guidelines was a question that divided the federal Circuit Courts of Appeal for months.  In late August 2016, the Seventh Circuit applied the rationale of *Johnson* to find the residual clause of § 4B1.2(a)(2) unconstitutionally vague.  **United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. 2016).**

But the United States Supreme Court resolved the Circuit split (and overruled *Hurlburt*) in *Beckles v. United States*, -- U.S. --, **137 S. Ct. 886, 892 (March 6, 2017),** squarely holding that the federal Sentencing Guidelines are *not* subject to due process vagueness challenges:

---

[6]  Section 4B1.1 says a defendant is a **career offender** if (1) he was at least 18 years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. **U.S.S.G. 4B1.1(a).**

> The ACCA's residual clause … required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants….
>
> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles* holds that the advisory Sentencing Guidelines cannot be challenged on due process/vagueness grounds. When Findley was sentenced in this Court, the Sentencing Guidelines were advisory. Therefore, *Beckles* scotches the argument that Findley's Missouri burglary convictions were improperly counted as crimes of violence. This Court need not reach any other arguments tendered by the parties, because *Beckles* forecloses any merits-based relief on Findley's petition.

### F. Conclusion

The Court enforces the § 2255 waiver Findley executed. That waiver bars his § 2255 petition. If the waiver could be overlooked and the Court could reach the merits of the petition, the undersigned would find that *Beckles* closes the door on Findley's argument that he was improperly sentenced as a career offender under the Guidelines.

The petition is hereby **DISMISSED**. Judgment shall enter in favor of Respondent United States and against Petitioner Findley.

### G. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of

appealability. 28 U.S.C. 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires the petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the "issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* **537 U.S. 322, 336 (2003),** *quoting Slack v. McDaniel,* **529 U.S. 473, 484 (2000).** *See also United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012).**

For the reasons explained above, the Court finds Findley has failed to demonstrate that his sentencing involved an error of constitutional magnitude or a fundamental defect that resulted in a complete miscarriage of justice. Reasonable jurists would not find these conclusions debatable. Because Findley has failed to make a substantial showing of the denial of a constitutional right, the Court **DECLINES to issue** a certificate of appealability.

IT IS SO ORDERED.

DATED August 31, 2017.

<u>*s/ Michael J. Reagan*</u>
Michael J. Reagan
United States District Judge